UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,                                     Case Number: 15-20569
                                                         HON. GERSHWIN A. DRAIN

v.

ROOSEVELT WILLIAMS, III,

      Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION FOR BOND [#14]

## I. INTRODUCTION

On November 6, 2015, Defendant filed a Motion for Bond [#14] pending trial. The Government filed a timely response, and on December 3, 2015, the Court held a hearing on the Motion for Bond. For the reasons that follow, Defendant's Motion for Bond will be denied.

## II. BACKGROUND

On August 31, 2015, after days of surveillance and observing Defendant conduct several drug transactions from and around his residence, the Drug Enforcement Administration executed a search warrant at Defendant's residence in Detroit, Michigan. During the execution of the search warrant, federal agents found and seized the following items in the basement bedroom where Defendant admits he slept:

    a.      Nine firearms, including an AK-47 with an obliterated serial number and four long rifles;
    b.      Various types of ammunition;
    c.      A bulletproof vest;
    d.      Indicia of drug trafficking, such as digital scales, plastic baggies, and a currency counter;
    e.      2 grams of heroin;
    f.      5 ounces of marijuana;
    g.      A Michigan Identification Card in Defendant's name with the address of the

residence where the search warrant was executed;

h.    Counterfeit currency; and

i.    United States currency, to which an Oakland County K-9, trained to detect the odor and/or presence of narcotics, alerted positive.

On September 1, 2015, Defendant made his initial appearance on a criminal complaint, and he consented to detention two days later. No prior detention hearing has been held, though pretrial services has prepared a report recommending detention. On September 15, 2015, a grand jury indicted Defendant on four counts, charging him with (1) possession with intent to distribute heroin in violation of 21 U.S.C. § 841(a)(1); (2) possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1); (3) being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1); and (4) possession of firearms in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). *See* Dkt. No. 7. At the time of his arrest, Defendant was on probation with the Michigan Department of Corrections. *See* Govt Resp., Ex. 2.

Defendant now moves the Court to revoke the detention order based on "his ties to the Detroit area and his family" and "in order to continue providing for his two minor children and in order to meaningfully assist counsel in his defense." Dkt. No. 14, Pg ID 42.

## II.  APPLICABLE LAW

The Bail Reform Act, 18 U.S.C. § 3142, ordinarily requires that a defendant be released pending trial unless there are no conditions that will reasonably assure the appearance of the person at future court proceedings and the safety of the community. *See* 18 U.S.C. § 3142(e). A court may, however, order detention of the defendant if the court finds that no set of conditions will reasonably assure the appearance of the person and the safety of the community. *See* 18 U.S.C. § 3142(f). In reaching this determination, the district court must take into account available information concerning: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence

-2-

against the defendant; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger posed by the defendant's release (*i.e.*, "the Section 3142(g) factors"). 18 U.S.C. § 3142(g).

The Bail Reform Act's default rule of release pending trial is reversed, and detention is presumed, for certain particularly dangerous defendants. 18 U.S.C. § 3142(e)(3); *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010). If a defendant is charged with a crime of violence or a drug trafficking offense, it is presumed by the statute that no condition or combination of conditions will assure the appearance of the defendant or the safety of the community. 18 U.S.C. § 3142(e)(3). This presumption imposes a burden of production on the defendant to offer at least some evidence that he does not pose a danger to the community or risk of flight. *Stone*, 608 F.3d at 945.

Moreover, even if a defendant satisfies that burden of production, the district court must still give some weight to the presumption of detention because it reflects Congress's judgment that "particular classes of offenders should ordinarily be detained prior to trial." *Id.*; *United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1986) ("[T]he presumption of dangerousness . . . represents Congressional findings that certain offenders . . . are likely to continue to engage in criminal conduct undeterred either by the pendency of charges against them or by the imposition of monetary bond or other release conditions."). If the presumption in favor of detention simply vanished upon rebuttal, "courts would be giving too little deference to Congress' findings regarding this class" of defendants. *United States v. Lattner*, 23 F. App'x 363, 364 (6th Cir. 2001) (quoting *United States v. Martir*, 782 F.2d 1141, 1144 (2d Cir. 1986)).

### III. ANALYSIS

Defendant has been charged with (1) possessing controlled substances (*i.e.*, heroin and marijuana) with intent to distribute in violation of 21 U.S.C. § 841(a)(1), and (2) possessing a

firearm in furtherance of drug trafficking in violation of 18 U.S.C. § 924(c). Based on the fact that a grand jury has determined that probable cause exists that he committed those crimes, "it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and safety of the community." 18 U.S.C. § 3142(e)(3)(a) and (b); *Stone*, 608 F.3d at 945 ("A grand jury indictment, by itself, establishes probable cause to believe that a defendant committed the crime with which he is charged. Thus, when the government presents an indictment including charges listed in section 3142(e), it has fulfilled its burden to establish the presumption in favor of detention.") (citations omitted). In other words, the burden in this case is on Defendant to demonstrate that he should be released on bond. Notwithstanding that burden, Defendant's argument in support of his motion for bond is limited and conclusory, especially as it relates to the "danger to the public" component. *See* Sections III.A. and B. below. Defendant's motion also lacks any relevant case law to support his position, and he offers little argument to show how the Section 3142(g) factors favor him.

## A.     Flight Risk

Defendant seeks to be released on bond in order to continue providing for his two minor children and in order to meaningfully assist counsel in his defense. Defendant contends that, without the ability to care for his children, his family would be left unable to provide for themselves. Defendant asserts that, because of his ties to the Detroit area and his family, he is not a flight risk. As he will be tending to his family while this matter is heard, he suggests that his location will be known to the Court at all times before the proceedings, and he suggests that a tether or home confinement will ensure his appearance for all case matters. Further, Defendant represents to the Court that he has participated in and appeared for all matters in this case and will continue to do so. In support of that assertion, Defendant states that he has no "capias [warrant] history" (*i.e.*, no

history of failure to appear before the court) as it relates to his non-traffic criminal proceedings.

The Government asserts that Defendant's history of appearing is not necessarily indicative that he will appear in this case because the potential incarceration term in this case is meaningful and greatly exceeds any term Defendant has previously faced.

**B.     Danger to the Public**

Defendant offers limited argument with respect to the "danger to the public" component. In his brief in support of Motion for Bond, Defendant asserts only that he "is not a danger to the public, nor do the charges against him assert violent conduct or acts on his part." At the hearing, Defendant argued that there are no allegations that he used any of the items found during the search, in particular the weapons – only that he was present when the items were found. Defendant further argued that the weapons were used to protect the home. As discussed in Section III.C. below, the Government's perspective regarding Defendant's danger to the public is much different.

**C.     Section 3142(g) Factors**

The Government asserts, and the Court finds, that the Section 3142 factors overwhelmingly favor the continued detention of Defendant. First, the charges against Defendant (possessing controlled substances with intent to distribute and possessing a firearm in furtherance of drug trafficking) are serious. Moreover, such crimes put Defendant into the "particular class of offenders [that] should ordinarily be detained prior to trial." *Stone*, 608 F.3d at 945 (citations omitted). The fact that Defendant committed the instant offenses only months after being released from custody for a controlled substance offense, and while on probation for that offense, makes the nature and circumstances of the instant offenses more egregious. Accordingly, the Court concludes that the first Section 3142(g) factor weighs in favor of detaining Defendant.

Regarding the second Section 3142(g) factor, the weight of the evidence "goes to the weight

of the evidence of dangerousness and risk of flight, not the weight of the evidence of the defendant's guilt." *See United States v. Watson*, 2010 WL 3272934, at *8 (E.D. Mich. 2010) (citing *Stone*, 608 F.3d at 948); *see also United States v. Hazime*, 762 F.2d 34, 37 (6th Cir. 1985) (noting that the weight of the evidence against the person "deals with factors to be considered in determining whether there are conditions which will assure the appearance of the accused and safety of the community."). Here, the weight of the evidence of Defendant's risk of flight and dangerousness is strong. Specifically, Defendant is a two-time felon, and his prior offenses involved either guns or drugs. Govt Resp., Ex. 2 at 1-2. In this case, that pattern of criminal conduct not only continues, it escalates, as evidenced by the cache of guns and two types of drugs found in Defendant's bedroom basement. The Government asserts that Defendant is also a risk of flight due to the amount of time he is facing if convicted for the instant offense,[1] and his unwillingness to comply with court orders. Most notably, Defendant committed the instant offense while he was on probation—just months after being released from custody for a separate marijuana-related conviction. For the foregoing reasons, the Court finds that the second Section 3142(g) factor also favors the continued detention of Defendant.

Third, regarding Defendant's history and characteristics, the Court notes that Defendant has numerous prior convictions, though none of them have resulted in significant terms of imprisonment. As the Government notes, however, though Defendant is 35 years old, he has at least three convictions (including two felony convictions involving either guns or drugs) and has had multiple other contacts with the criminal justice system since he was 15 years old. Further, as noted above,

---

[1]The Government does not specify the amount of time Defendant is facing if convicted on the charged counts, though a term of 60 months imprisonment was mentioned during the hearing.

the charges Defendant currently faces are the result of alleged conduct engaged in while on probation for another drug offense.  For these reasons, the Court finds that Defendant's history and characteristics do not favor pre-trial release.

Finally, although Defendant does not offer much argument regarding the issue of danger to any person or the community, Defendant's history reflects little regard for the safety of others (including his family, who apparently lived in the house where the guns and drugs were found).  As noted above, the crimes with which Defendant is charged are serious and pose a danger to the community at large, as well as to his family. *See United States v. Hare*, 873 F.2d 796, 799 (5th Cir. 1989) ("continued drug dealing does constitute a danger and threat to the community, and that fact alone justifies detention.").  Moreover, based on the numerous guns (at least one of which was an assault rifle) and the quantity of drugs found in Defendant's residence that form the basis of the current charges against Defendant, it appears that Defendant is continuing to escalate the level of his dangerous conduct.  Therefore, the Court finds that Defendant's danger to other persons and the community are real and significant.

**D.   Conclusion**

For the reasons stated above, Court find that Defendant has not rebutted the presumption that he is both a flight risk and a danger to the community.  Morever, after a consideration of the Section 3142(g) factors, the Court concludes that there are no conditions or combination of conditions that will reasonably assure Defendant's appearance and safety of the community.  For all of these reasons, the Court denies Defendant's Motion for Bond.

## IV.  CONCLUSION

Accordingly, the Court DENIES Defendant's Motion for Bond [#14] and ORDERS that

-7-

Defendant shall remain detained pending trial.

      SO ORDERED.

Dated: December 7, 2015                   /s/Gershwin A Drain
                                              GERSHWIN A. DRAIN
                                              UNITED STATES DISTRICT JUDGE